# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAGE PINA,<br><br>    **Plaintiff,**<br><br>v.<br><br>SHAMAN BOTANICALS, LLC<br><br>    **Defendant.** | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Shaman Botanicals, LLC (hereinafter "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-captioned action to this Court from the Circuit Court of Jackson County, Missouri. As grounds for removal, Defendant states as follows:

  1. On September 22, 2021, Plaintiff commenced a civil action in the Circuit Court of Jackson County, Missouri, styled: *Sage Pina v. Shaman Botanicals, LLC*, Case No. 2116-CV20900. A copy of the petition filed in state court is attached hereto as **Exhibit 1**. Copies of all other process, pleadings, and orders on file in the state court are attached hereto as **Exhibit 2**.

  2. Defendant was served with a copy of the Summons and Petition on October 6, 2021. This matter is timely removed under 28 U.S.C. § 1446(b), which requires the removing party to file the notice of removal within thirty (30) days of service of the summons and petition.

  3. 28 U.S.C. § 1441(a) provides for removal of "any civil action in a State court of which the district courts of the United States have original jurisdiction." Pursuant to the federal diversity statute, 28 U.S.C. § 1332(a), the federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States." Here, both elements of federal diversity jurisdiction are satisfied.

4. This action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs. Plaintiff asserts claims for race discrimination/harassment (Count I) and retaliation (Count II) pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 *et seq.* (Ex. 1.) Plaintiff alleges that she suffered "pain, anguish, anxiety and distress." (*Id.* ¶¶ 53, 59.) She further alleges that Defendant's alleged conduct was "outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff." (*Id.* ¶ 60.) Plaintiff seeks compensatory damages, punitive damages and attorneys' fees.

5. Although Defendant denies all liability in this case, the claims alleged by Plaintiff put more than $75,000.00 in controversy. For compensatory and punitive damages on her MHRA claim, Plaintiff may recover an unlimited amount of lost back pay through the date of trial and at least $50,000 in additional damages for lost front pay, emotional distress and punitive damages. Mo. Rev. Stat. § 213.111.4(1)-(2).

6. The MHRA also provides that Plaintiff may recover her reasonable attorneys' fees. Mo. Rev. Stat. § 213.111.2. Reported fee awards can exceed hundreds of thousands of dollars. *See Hill v. City of St. Louis*, 371 S.W.3d 66, 80-82 (Mo. Ct. App. 2012) (affirming attorneys' fee award of $263,000 in MHRA case); *see also Holmes v. Kansas City Pub. Sch. Dist.*, 571 S.W.3d 602, 621-22 (Mo. Ct. App. 2018) (affirming attorneys' fee award of more than $225,000 on a claim for retaliation under the MHRA). This is more than sufficient to satisfy the jurisdictional threshold of Section 1332(a).

7. The parties in this case are also completely diverse:

   a. As alleged in the Petition, Plaintiff is a resident and citizen of the State of Missouri.

   b. Defendant is a limited liability company and its citizenship for diversity purposes is determined by the citizenship of its members. *Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) ("For purposes of establishing diversity, a limited liability company's citizenship is the citizenship of each of its members." (citing *OnePoint Solutions, LLC. v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007))). The sole member of Defendant is Stephen Vincent Sanders, II, who is a citizen of the State of Oklahoma

   c. Because Plaintiff is a citizen of Missouri and Defendant is a citizen of Oklahoma, complete diversity exists in this case.

8. In light of the amount in controversy and the complete diversity of citizenship, the Court has original jurisdiction over this case under Section 1332(a) and the matter is removable under Sections 1441 and 1446. Removal to this Court is not prohibited under Section 1441(b)(2) because Defendant is not a citizen of the State of Missouri. The requirements of Section 1446 are satisfied because this Notice of Removal is timely filed, and Defendant is the lone defendant in the case and the consent of any other parties to removal is therefore unnecessary.

9. In accordance with Section 1446(a), copies of the record and proceedings in the state court action —including all process, pleadings and orders—are attached to this Notice of Removal.

10. In accordance with Section 1446(d), Defendant will promptly serve written notice of removal to Plaintiff's attorneys of record in the state court action and file with the state court a copy of this Notice of Removal.

11. In accordance with Section 1441(a), Defendant has removed this case to the Western Division of this Court and designates Kansas City as the place of trial. Defendant requests a trial by jury on all issues so triable.

12. By this Notice of Removal, Defendant does not waive any affirmative defense that it may possess. Defendant does not concede that Plaintiff has stated any viable claim for relief against it, and Defendant denies any and all liability in this action.

WHEREFORE, Defendant Canyon Creek Apartments, LLC files this Notice of Removal and requests that the Court assume full jurisdiction over the claims asserted in this action under 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

**THE PORTO LAW FIRM**

By: */s/ Nicholas J. Porto*
    Nicholas J. Porto     MO #56938
    1616 West 45th Street
    Kansas City, Missouri 64111
    Telephone: 816.463.2311
    Facsimile: 816.463.9567
    nporto@portloaw.com

-and-

**KRIGEL AND KRIGEL, P.C.**

By: */s/ Stephen J. Moore*
    Stephen J. Moore     MO #59080
    4520 Main Street, Suite 700
    Kansas City, Missouri 64111
    Telephone: 816-756-5800
    Facsimile: 816-756-1999
    sjmoore@krigelandkrigel.com

*Attorneys for Defendant Shaman Botanicals, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served this 25TH day of October, 2021 via United States mail and electronic mail to the following counsel of record:

**Counsel for Plaintiff**
Shaun Stallworth
Holman Schiavone, LLC
4600 Madison, Suite 810
Kansas City, Missouri 64112

*Nicholas J. Porto*
Attorney for Defendant