IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAGE PINA, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 21-00772-CV-W-WBG |
| AMERICAN SHAMAN FRANCHISE, LLC, | ) |
|     Defendant. | ) |

# ORDER

Pending are Plaintiff's Motion in Limine (Doc. 45) and Defendant's Motion in Limine (Doc. 47). As set forth below, Plaintiff's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART,** and Defendant's Motion in Limine is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**.

The parties are reminded that these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (outside of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

## PLAINTIFF'S MOTION IN LIMINE (DOC. 45)[1]

**(1)    Marc Sayler's Legal Conclusions**

Plaintiff moves to exclude Marc Sayler's opinion on her discrimination and retaliation complaints. Doc. 45 at 2-3. Specifically, she contends Sayler, Plaintiff's supervisor, previously

---

[1] At times, Plaintiff's motion in limine refers to Plaintiff as "him," and references Plaintiff's employment at the "District." *See* Doc. 45. These appear to be scrivener's errors.

testified her complaints had no basis under the law. *Id*. at 2. According to Plaintiff, Sayler's testimony "constitutes a conclusion of law that invades the province of the jury and implicates an ultimate issue in this case, namely, whether Plaintiff had a good faith, reasonable belief for his [sic] complaint of race/national origin discrimination and retaliation." *Id*. at 2-3. Plaintiff argues these conclusions are "irrelevant because the present claim is not about whether Plaintiff was discriminated against based on his [sic] race." *Id*. at 2-3.

In response, Defendant states it "does not intend to elicit . . . any legal opinion at trial" from Sayler or any other witness. Doc. 52 at 1. Defendant argues, however, witnesses "should be free at trial . . . to dispute the occurrence of the events alleged by Plaintiff and to disagree with any discriminatory or retaliatory motives ascribed to them." *Id*.

No lay witness will be permitted to provide legal opinions or legal conclusions at trial. The Court will permit lay witnesses to provide factual testimony to dispute any motives ascribed to them. Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

**(2)       References to Plaintiff's Dismissed Claims**

Plaintiff seeks exclusion of any reference "to the fact that any claim or parties have been dismissed by the Court." Doc. 45 at 4. She argues her "dismissed claims contained in her Charge of Discrimination and Complaint should not be considered by the jury and should be excluded from evidence." *Id*. In support, she contends evidence related to these claims is "both logically and legally irrelevant," and "any probative value the allegations may have is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time." *Id*.

Defendant argues Plaintiff's "dismissed claims are allegations that she was terminated on the basis of her race, which contradicts the assertion in her remaining retaliation claims that she was instead terminated for engaging in protected activity." Doc. 52 at 2. As such, Defendant

2

maintains it should not be prohibited from using said allegations "for purposes of impeachment by inconsistent statements at trial." *Id*.

The Court **GRANTS** Plaintiff's motion. Evidence, arguments, suggestions, and inferences about claims or parties dismissed by the Court are prohibited. Should Plaintiff offer evidence or elicit testimony about dismissed claims or parties, Defendant may be permitted to introduce such evidence for impeachment purposes. Before doing so, Defendant shall approach the bench.

**(3)** **Plaintiff's Retention of Counsel**

Plaintiff requests this Court exclude any testimony related to her decision to engage counsel. Doc. 45 at 4-5. She contends this testimony would "consist[] primarily of speculation about Plaintiff's motives and is a transparent attempt to discredit her for exercising her fundamental right to an attorney." *Id*. at 4. Defendant "does not intend to question Plaintiff's right to counsel or motives in the timing of her engagement of counsel," but argues counsel "should not be prohibited from mentioning Plaintiff's engagement of counsel if it is otherwise relevant." Doc. 52 at 2.

Evidence or argument about Plaintiff's decision to hire counsel is not relevant to the claims being tried. Accordingly, the Court **GRANTS** Plaintiff's motion.

**(4)** **Evidence Regarding the Findings of Retaliation by the EEOC/MCHR**

Plaintiff also seeks exclusion of the retaliation findings – or lack thereof – by the Equal Employment Opportunity Commission ("EEOC") or the Missouri Commission on Human Rights ("MCHR"). Doc. 45 at 5. She argues this evidence may "lead the jury to believe that his [sic] claim lacks credence or credibility," and furthermore, "invades the province of the jury and goes to the ultimate questions of fact and law." *Id*. Defendant "does not intend to mention the absence of a finding by the EEOC or MCHR as evidence that Plaintiff's claims should fail." Doc. 52 at 3.

However, similar to its argument against Plaintiff's second motion in limine, Defendant contends "Plaintiff's charge of discrimination may be used for impeachment purposes in this case." *Id*.

Consistent with the Court's ruling for Plaintiff's second motion in limine, the Court **GRANTS** Plaintiff's motion, and any evidence, arguments, suggestions, and inferences about the retaliation findings – or lack thereof – from the EEOC or MCHR are prohibited.

**(5)     Evidence of Plaintiff's Subsequent Work History**

Plaintiff asks this Court to reject "any and all testimony, or references to testimony, related to [her] employment status since her employment with Defendant concluded." Doc. 45 at 6. According to Plaintiff, the "sole issue that is relevant to Defendant's failure to mitigate affirmative defense is an examination of what Plaintiff did or did not do in attempting to mitigate her economic losses." *Id*. "To the extent Defendant offers testimony outside of Plaintiff's attempts to procure employment, the testimony is irrelevant and serves only as inadmissible character evidence." *Id*.

Plaintiff also contends her "performance at prior or subsequent employers is not admissible as character evidence, because plaintiff has not placed her character in issue." *Id*. She states "[t]he issues in this case focus on the actions of Defendant and its employees," so "[a]ny employment matters, outside of matters related to Plaintiff's employment with the District [sic] is not relevant to any element of Plaintiffs' [sic] claims or Defendant's defenses." *Id*.

In response, Defendant "asserts mitigation of damages as a defense and the nature of Plaintiff's post-termination work is relevant to whether she met her duty to use reasonable diligence in finding substantially equivalent employment." Doc. 52 at 3. Defendant does not respond to Plaintiff's request to exclude reference to her performance at prior or subsequent employers. *See id*.

Plaintiff's subsequent work history is relevant to Defendant's mitigation of damages defense. To the extent Plaintiff seeks to exclude evidence related to the same, the Court **DENIES**

her motion. Regarding Plaintiff's request to exclude testimony related to her performance at prior and subsequent employers, the Court **GRANTS** the motion.

**(6)** **Reference to Plaintiff's Intimate Relationship with a Co-Worker**

Plaintiff moves to exclude any argument, testimony, or information that she may have "maintained a personal relationship with a co-worker, outside of their professional relationship." Doc. 45 at 7. She contends this evidence is "wholly irrelevant" and "inadmissible character evidence." *Id*. Defendant contends this evidence "may be relevant to issues of bias." Doc. 52 at 3.

Neither Plaintiff nor Defendant identified the co-worker at issue – Stephen Zicarelli – on their witness lists. Docs. 50, 53. Nonetheless, evidence related to Plaintiff's relationship with this co-worker is not relevant to the claims before the Court. And any evidence or testimony related to the same is likely to be more prejudicial than probative. Thus, the Court **GRANTS** Plaintiff's motion.

**(7)** **Jurors' Self-Interest as Taxpayers**

Plaintiff asks the Court to exclude "[a]rgument or appeals to jurors' self-interest as taxpayers" as "irrelevant and unfairly prejudicial." Doc. 45 at 8. Defendant does not oppose this motion. Doc. 52 at 4. Accordingly, the Court **GRANTS** Plaintiff's motion.

**(8)** **Witnesses Commenting on the Merits of the Litigation**

Plaintiff moves to preclude witnesses from testifying about the merits of this lawsuit. Doc. 45 at 8. She argues these lay opinions constitute conclusions of law, which should not be permitted into evidence. *Id*. Similar to its response to Plaintiff's first motion in limine, Defendant represents it "does not intend to elicit testimony from witnesses at trial regarding the merits of Plaintiff's

claims"; however, "witnesses should not be precluded from disputing Plaintiff's alleged version of events and suggestions of discriminatory motive." Doc. 52 at 4.

Consistent with the Court's ruling on Plaintiff's first motion in limine, no lay witness will be permitted to provide legal opinions or legal conclusions at trial. Thus, the Court **GRANTS** Plaintiff's motion.

**(9)  References/Inferences Comparing Lawsuit to the Lottery**

Plaintiff asks this Court to prohibit Defendant and its counsel from making comments, suggestions, and inferences that she is "looking to win the lottery," she is "simply rolling the dice," or "the case is merely about money and nothing else. Doc. 45 at 8. Defendant does not oppose this motion. Doc. 52 at 4. Accordingly, the Court **GRANTS** Plaintiff's motion.

## DEFENDANT'S MOTIONS IN LIMINE (DOC. 47)

**(1)  Evidence Contradictory to the Summary Judgment Order**

Defendant seeks exclusion of any evidence contradicting the Court's summary judgment order, including the Court's conclusion that Shaman Botanicals did not employ Plaintiff, and the only remaining claims are for retaliation against Shaman Franchise. Doc. 47 at 1-2. Additionally, it asks the Court "deem the uncontroverted facts in the summary judgment record as established for trial." *Id*. at 2. According to Defendant, the summary judgment briefing established "certain facts are not in dispute, including the fact that Marc Sayler unilaterally decided to terminate Plaintiff's employment and that Mr. Sayler did not have knowledge of any protected activity taken by Plaintiff when that decision was made." *Id*.

Plaintiff agrees she will "not attempt to argue that [she] was employed by Shaman Botanicals, LLC" nor will she "pursue her race discrimination claims." Doc. 55 at 1. But she contests the remainder of this motion in limine, specifically arguing "a fact issue exists as to Mr. Sayl[e]r's knowledge of Plaintiff's complaints prior to her termination." *Id*. at 2.

The Court **GRANTS** Defendant's motion to the extent it seeks to exclude evidence related to Plaintiff's claims against Shaman Botanicals or her race discrimination claims. The Court, however, **DENIES** the remainder of Defendant's motion. This Court's summary judgment order did not make findings of fact. *See* Doc. 44 at 1 n.1. Instead, it recited the facts uncontroverted by either party. Notably, this recantation does not include Sayler's knowledge of Plaintiff's complaints. That fact remains at issue and shall be resolved by the jury at trial.

**(2)     Other Employees' Protected Activities or Acts of Discrimination**

Defendant asks this Court to prohibit "any complaint Plaintiff made that was unknown to Mr. Sayler" as it "cannot support Plaintiff's retaliation claims" and would be "irrelevant and unduly prejudicial." Doc. 47 at 2-3. Defendant also asks that Plaintiff be prohibited from making "any general claim . . . about discriminatory treatment of her co-workers" because such evidence "is irrelevant to her remaining claims for retaliation and should be excluded from evidence at trial." *Id*. at 3.

Plaintiff "does not intend to solicit opinions of what the law requires." Doc. 55 at 2. She asks the Court deny Defendant's motion, however, to the "extent . . . Defendant seeks to preclude questioning of witnesses as to whether certain conduct violates its policies prohibiting harassment, discrimination and/or retaliation or whether certain disciplinary acts were applied fairly to Plaintiff." *Id*. Furthermore, and consistent with her opposition to Defendant's first motion in limine, Plaintiff contends "a fact issue exists as to Mr. Sayl[e]r's knowledge of Plaintiff's complaints prior to her termination." *Id*. at 3.

In the instant matter, Plaintiff does not allege she personally endured discriminatory treatment. Instead, Plaintiff's retaliation claims stem from her reporting co-workers' complaints of discriminatory treatment. These complaints are relevant to Plaintiff's remaining retaliation claims. Thus, to the extent Defendant seeks to exclude what Plaintiff reported about her co-

7

workers' complaints of discriminatory treatment, the Court **DENIES** Defendant's motion. To the extent Plaintiff seeks to introduce evidence or testimony related to the specific conduct endured by her co-workers beyond what Plaintiff reported, the Court does not have sufficient information before it to rule at this time. Accordingly, the Court **DEFERS** consideration of that aspect of Defendant's motion. Finally, as mentioned *supra*, Sayler's knowledge of Plaintiff's complaints remains a factual question to be resolved by the jury. As such, the Court **DENIES** Defendant's motion to the extent it seeks to exclude testimony of Plaintiff's complaints.

**(3)     Request for Monetary Damages**

Defendant asks this Court to prohibit "all evidence of damages at trial" because Plaintiff "never provided a disclosure in this case of a computation of each category of damages she is claiming, as required by Rule 26(a)(1)(A)(iii)." Doc. 47 at 3 (internal quotations omitted). Furthermore, Defendant contends Plaintiff "was asked in her deposition to state the amount of monetary damages she is claiming for lost wages and could not do so." *Id*. According to Plaintiff, neither party submitted Rule 26 disclosures. Doc. 55 at 3. Plaintiff argues that "[b]ased upon Defendant's reasoning, Defendant should similarly not be allowed to present certain evidence." *Id*.

As an initial matter, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). At the pretrial conference on February 24, 2023, counsel conceded neither party served her/its Rule 26(a) initial disclosures. Based on the discussion with counsel, the Court ordered Plaintiff to serve her Rule 26(a)(1)(A)(iii) disclosures by no later than February 27, 2023. Doc. 59. On February 27, 2023, Plaintiff filed a Certificate of Service of Initial Rule 26 Disclosures. Doc. 60.

8

Because Plaintiff has now served information related to her monetary damages, the premise of Defendant's motion is rendered moot. Thus, the Court **DENIES** Defendant's motion.[2]

### (4) "David and Goliath" References

Defendant moves to exclude "any comment or reference to the wealth of Shaman Franchise or its owners, Plaintiff's own wealth, or comparing the wealth or size of Shaman Franchise to that of Plaintiff, including any comments or references that characterize this case as one involving an individual against a large corporation." Doc. 47 at 3. Additionally, it seeks to prohibit "references to [Defendant's] ability to pay a judgment, ability to afford counsel, the number of attorneys appearing on behalf of the Defendants [sic], costs of defense, the number of attorneys or offices of the Defendants' [sic] counsel, the nature or number of trial exhibits, demonstrative exhibits and other evidence, [and] witness fees . . . . " *Id*. at 3-4.

Plaintiff "does not intend to offer any [of the aforementioned evidence] in this case and is, for the most part, in agreement with Defendant on this matter." Doc. 55 at 3. However, she argues she should "not be prohibited from talking about the nature of trial exhibits, demonstrative exhibits and other evidence." *Id*. at 4. With regard to the number of trial exhibits, Plaintiff contends she should be able to argue "With all of the evidence or exhibits presented, Defendants still haven't shown X." *Id*. According to Plaintiff, such prohibition would "unduly and unfairly hamper counsel's ability to argue effectively." *Id*.

A party's wealth or lack thereof, a party's means to pay a judgment, the inability or ability to retain and/or pay counsel, the decision to retain counsel, the number of attorneys involved, the cost of defense, characterizing the matter as an individual versus a large corporation, and the nature

---

[2] During the pretrial conference, the Court directed the parties to notify the undersigned's Chambers if Defendant believed Plaintiff's recent disclosures triggered the need for additional discovery. To date, Defendant has not contacted the Court. Accordingly, the Court presumes no additional discovery related to Plaintiff's monetary damages is necessary.

of trial and demonstrative exhibits are not relevant to the claims in this matter. Moreover, any probative value this evidence may have is substantially outweighed by the risk of unfair prejudice. As such, the Court **GRANTS** Defendant's motion.

**(5)   Absent Witness Testimony**

Defendant asks this Court to "exclude any reference, mention, or comment concerning the fact that a witness is absent, or the potential testimony of absent witnesses." Doc. 47 at 4. Plaintiff does not oppose this request. Doc. 55 at 4. Accordingly, the Court **GRANTS** Defendant's motion.

**(6)   Objections within Discovery and Motions in Limine**

Last, Defendant seeks exclusion of any "argument or reference to another party's objections to written discovery or deposition questions in this case." Doc. 47 at 5. Furthermore, Defendant asks that if "a party choose[s] to utilize deposition testimony," counsel should be "instructed to edit out any objections made by opposing counsel during the deposition prior to reading or playing the video for the jury."[3] *Id*. Plaintiff "generally agrees that objections to written discovery, discovery disputes, or motions in limine should not be presented to [the] jury." Doc. 55 at 4. Thus, the Court **GRANTS** Defendant's motion.

Plaintiff also contends she "should be permitted to make reference to documents that Defendant maintains existed at one time, but were not produced in discovery." *Id*. The Court is without sufficient information regarding the parties' discovery production – or lack thereof – in this case. As such, the Court **DEFERS** consideration of this aspect of Defendant's motion. Should either party seek to present evidence or inquire about discovery production – or lack thereof – counsel should approach the bench prior to presenting evidence or inquiring.

**IT IS SO ORDERED**.

---

[3] The title of Defendant's motion refers to the motions in limine. Doc. 47 at 5. The discussion, however, does not mention the motions in limine. *See id*.

DATE: March 2, 2023                    */s/ W. Brian Gaddy*
                                       W. BRIAN GADDY
                                       UNITED STATES MAGISTRATE JUDGE