# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAGE PINA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-00772-CV-W-WBG |
| | ) |
| AMERICAN SHAMAN FRANCHISE, LLC, | ) |
| | ) |
|       Defendant. | ) |

## ORDER

On January 27, 2023, the Court granted in part and denied in part Defendant American Shaman Franchise LLC's motion for summary judgment.[1] Doc. 44. On February 10, 2023, Defendant filed a Motion for Reconsideration of Denial of Summary Judgment as to Counts II and IV pursuant to Rules 54(b), 59(e), and 60(b) of the Federal Rules of Civil Procedure. Doc. 46. On February 22, 2023, Plaintiff filed her response, and on the following day, Defendant filed a reply. Docs. 56, 58. Also pending is Defendant's Motion for Order to Supplement the Summary Judgment Record filed March 10, 2023. Doc. 63. For the following reasons, Defendant's motions are **DENIED**.

## I.     MOTION FOR RECONSIDERATION

**A.**     **Standard**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). Typically, courts construe said motions as arising under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b). *See id.*; *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1016-17 (8th Cir.

---

[1] Summary judgment was also sought by and granted in favor of Defendant Shaman Botanicals, LLC. *See* Docs. 31, 44.

2007); *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 487-88 (8th Cir. 1992). Unlike Rules 54(b) and 60(b), Rule 59(e) "is reserved for final judgments." *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021); Fed. R. Civ. P. 59(e). "Generally, partial summary judgments are not final and not immediately appealable," and only become immediately appealable "if the district court issues it under Federal Rule of Civil Procedure 54(b), or certifies it as an interlocutory appeal under 28 U.S.C. § 1292(b)." *Porter v. Williams*, 436 F.3d 917, 919 (8th Cir. 2006). This Court did neither. Accordingly, Rule 59(e) is not appropriate for the relief sought by Defendant.[2]

Under Rule 54(b), the court has the "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship*, 472 F.3d at 1017 (citation omitted); Fed. R. Civ. P. 54(b). And under Rule 60(b), the court may "relieve a party . . . from a final judgment, order, or proceeding"; due to "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud"; "the judgment is void"; "the judgment has been satisfied, released, or discharged"; or "any other reason that justifies relief."[3] Fed. R. Civ. P. 60(b)(1)-(6). The Eighth Circuit "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citation omitted); *see also Kohlbeck*, 7 F.4th at 734 n.2.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted) (discussing Rule 60(b)); *see also Shuler v. Arnott*, No. 6:20-cv-03281-MDH, 2022 WL 855559, at *1 (W.D. Mo. Mar. 22, 2022) (citation omitted) (examining Rule 54(b)). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006)

---

[2] Tellingly, Defendant does not address Rule 59(e)'s applicability in its reconsideration briefing. *See* Docs. 46, 58.

[3] Defendant does not identify the section of Rule 60(b) upon which its motion relies. *See id*.

(citation omitted); *see also Williams*, 891 F.3d at 706. A motion to reconsider "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

**B.      Discussion**[4]

Defendant requests reconsideration of the Court's summary judgment order because Plaintiff "cannot meet the essential element of causation on her retaliation claims." Doc. 46 at 2-3. In support, Defendant claims the Court denied summary judgment on its retaliation claims "solely because of close temporal proximity between Plaintiff's participation in a staff meeting to discuss workplace discrimination on February 10, 2020, and her termination two days later on February 12, 2020." *Id*. at 3. Defendant claims Plaintiff, when responding to the motion for summary judgment, did not raise this argument as evidence of causation, and therefore, Defendant "did not have a meaningful opportunity to address this specific issue in its summary judgment briefs." *Id*. Furthermore, Defendant argues this Court's "reliance on temporal proximity to satisfy causation overlooks the fact that the lone decision maker in Plaintiff's termination – Marc Sayler – had no knowledge of the February 10 staff meeting or any other alleged protected activity by Plaintiff when he made the decision to terminate her employment." *Id*. Plaintiff opposes Defendant's motion to reconsider, arguing Defendant "engages in a complete recitation of its Reply" and "offers no new argument for its assertion that summary judgment was wrongfully denied as to Plaintiff's retaliation claims against Shaman Franchise." Doc. 56 at 3.

The Court finds Defendant has not established nor is there evidence showing the Court's January 27, 2023 Order contained manifest errors of law or fact. Similarly, Defendant has not shown "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud"; or any other basis under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1)-(6). Additionally,

---

[4] The facts surrounding Plaintiff's claims are outlined in the Court's order on Defendant's motion for summary judgment. Doc. 44 at 1-7. For the sake of brevity, the Court does not reiterate those facts here.

Defendant does not demonstrate exceptional circumstances exist with regard to the Court's summary judgment order.

Despite its claims to the contrary, Defendant fully addressed causation in its reply in support of the summary judgment motion. *See* Doc. 40 at 5, 17-25, 28-36. In the pending motion to reconsider, Defendant attempts to improperly re-assert those prior arguments. Specifically, Defendant again argues Marc Sayler, Plaintiff's supervisor, was unaware of Plaintiff's discrimination complaints. Doc. 46 at 2-7. As set forth in the Court's summary judgment order, however, the facts demonstrate Sayler knew of Abraham Torres's complaint – one that Plaintiff herself raised to the human resources manager, Luke Mancillas. Doc. 44 at 4, 18.

Moreover, the Court's order denying Defendant's motion for summary judgment on Plaintiff's retaliation claims was <u>not</u> based exclusively on proximity. Instead, and as detailed in the order, the Court found "it is undisputed by the parties that Sayler knew of Torres's unequal pay concerns after Plaintiff complained to Mancillas prior to the Las Vegas conference." *Id*. at 18. The Court also found "Sayler's knowledge of Plaintiff's complaint regarding Torres, coupled with the circumstances at the conference and the temporal proximity of Plaintiff's termination, raises 'genuine doubt as to the legitimacy' of Sayler's motives." *Id*. (citing *Hairston v. Wormuth*, 6 F.4th 834, 843 (8th Cir. 2021)). A reasonable jury could find Sayler's motives were pretextual, and thus, denial of summary judgment on the retaliation claims was proper. Accordingly, Defendant's Motion for Reconsideration of Denial of Summary Judgment as to Counts II and IV (Doc. 46) is **DENIED**

## II. MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD

Defendant separately requests this Court accept a "supplemental submission of the new Luke Mancillas declaration" and "grant summary judgment *sua sponte*" pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure. Doc. 63 at 4-5. In support, Defendant attaches a *new*

Declaration of Luke Mancillas,[5] which, according to Defendant, "puts the nail in the coffin of Plaintiff's retaliation claims . . . ." *See id.* at 4; *see also* Doc. 63-1.

Rule 56(f) is a "tool for the Court, not parties, to dispose of a case on summary judgment where it believes such action is appropriate. It may not be used to make an end-run around the Court's dispositive motion deadline." *Smith v. United of Omaha Life Ins.*, No. 15-CV-1344-JPS, 2016 WL 4133535, at *1 (E.D. Wisc. Aug. 3, 2016). Rule 56(f)(3), upon which Defendant relies, gives the Court the authority to "consider summary judgment *on its own* after identifying for the parties the material facts that may not be genuinely in dispute" after "giving notice and a reasonable time to respond." Fed. R. Civ. Pro. 56(f)(3) (emphasis added).

In support of its motion, Defendant cites *Sisson v. Patel*, No. 20-05101-CV-SW-BP, 2022 WL 1736836 (W.D. Mo. Apr. 13, 2022). In *Sisson*, the defendant filed a trial brief raising, *for the first time*, arguments challenging two claims. *See Sisson*, 2022 WL 1736836, at *1. Based on the averments therein, Chief District Judge Beth Phillips construed the trial brief as a request for summary judgment pursuant to Rule 56(f). *Id.* Summary judgment was ultimately granted on one claim. *Id.* at *4.

The instant matter is easily distinguishable from *Sisson*. Here, Defendant previously sought, and was granted in part, summary judgment on all claims pending against it. *See* Doc. 44. The Court considered, *inter alia*, a declaration from Luke Mancillas, which was proffered by Plaintiff. *See id.* In its reply, Defendant conceded certain portions of Mancillas's declaration were "[u]ncontroverted but immaterial." *See* Doc. 40 at 9-10, 13-14, 17-21. It also argued Mancillas's declaration was incomplete in that the declaration did "not say that he reported Torres' complaints as a matter of discrimination, nor does he say that he told Sayler Plaintiff had made the complaint on behalf of Torres." *Id.* at 17. Defendant could have presented, but chose not to do so, a

---

[5] In her opposition to Defendant's Motion for Summary Judgment, Plaintiff attached a "Declaration of Luke Mancillas." Doc. 36-14.

declaration from Mancillas at that time to dispute facts presented by Plaintiff and supported by the record. In fact, if Defendant sought to dispute Plaintiff's additional facts, Defendant was required to cite particular portions of the record, or the fact would be deemed admitted. *See* Fed. R. Civ. P. 56(c)(1)(A); L.R. 56.1(c).

As discussed in the Court's summary judgment order and *supra,* the basis of Defendant's motion is not new nor novel. Instead, it attempts to "supplement" a record set forth by the parties and upon which the Court issued its decision. *See* Doc. 63. Defendant, when moving for summary judgment and responding to Plaintiff's opposition thereto, chose not to provide a declaration from Mancillas that could have included the additional information Defendant now seeks to present on the eve of trial, well after the deadlines for discovery and summary judgment motions have expired. Defendant cannot utilize Rule 56(f) in an attempt to set forth evidence it could have brought while briefing its summary judgment motion and reply. Defendant also appears to utilize the instant motion as a sur-reply to the reconsideration briefing, which, of course, is not provided for by the rules. *See* Doc. 63. Any consideration of the supplemental declaration is not proper. Accordingly, Defendant's Motion to Supplement the Record is hereby **DENIED**.[6]

### III. CONCLUSION

For the forgoing reasons, Defendant's Motion for Reconsideration of Denial of Summary Judgment as to Counts II and IV (Doc. 46), and Motion to Supplement the Summary Judgment Record (Doc. 63) are **DENIED**.

**IT IS SO ORDERED**.

DATE: March 20, 2023

        */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant also asks the Court to "direct expedited briefing on this motion and instruct Plaintiff to include with her opposition to this motion any response she intends to make [sic] the new Mancillas declaration." Doc. 63 at 5. As the Court is not *sua sponte* considering summary judgment under Rule 56(f), Defendant's request for expedited briefing is hereby **DENIED AS MOOT**.